{¶ 34} I concur in the majority's disposition of the assignments of error and write separately to suggest an approach to motions to reduce spousal support when the spousal support obligee — here, Brenda Day — has invited a paramour to share the obligee's abode.
 {¶ 35} The principles that emerge from Taylor v. Taylor (1983),11 Ohio App.3d 279 and Perri v. Perri (1992), 79 Ohio App.3d 845 are that (1) the spousal support obligor should not have to support the paramour and (2) the spousal support obligor should not have to support the spousal support obligee to the extent that the obligee is supported by the paramour.
 {¶ 36} Applying these principles to this case, Mr. Day's spousal support should be reduced by the sum of (1) the difference between what Mrs. Day spends to maintain herself, Mr. Koup, and her residence over and above what she would spend to maintain herself and her residence were she living alone and (2) what Mr. Koup spends to maintain Mrs. Day.
 {¶ 37} Although the magistrate's methodology in arriving at a 16% reduction strikes me as unsound, I nevertheless believe that the evidence could support a comparable result under the approach I have suggested. Hence, I am not convinced that Mr. Day was prejudiced by the approach taken by the magistrate.